IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON SYAS, | ) | |
| | ) | |
| Plaintiff, | ) | NO. |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY | ) | |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

**08 C 727**

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE COX**

## COMPLAINT

**NOW COMES** the Plaintiff, **SHANNON SYAS,** by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof, PC, and for his Complaint against the Defendant, **UNION PACIFIC RAILROAD COMPANY**, states unto this Honorable Court as follows:

### Jurisdiction and Venue

1. This is an employment case based upon and arising under the Family & Medical Leave Act, as amended, 29 U.S.C. §2611 et seq. (FMLA).

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 29 U.S.C. §1331, since these claims arise under federal statutory law.

3. Venue is proper in the Northern District of Illinois because the actions complained of occurred in this District, and the Defendant owns, operates and controls many miles of track, rail yards and related facilities throughout this District.

### Parties

4. Plaintiff, **SHANNON SYAS,** is now, and at all times relevant hereto, a resident of Richton Park, Illinois, Cook County, State of Illinois.

5. Defendant, **UNION PACIFIC RAILROAD COMPANY (hereinafter "UP")**, is

now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska.  **UP**, at all relevant times, does business as a common carrier by rail in counties under this Court's jurisdiction.  The **UP**, owns, operates and controls many miles of track, rail yards and related facilities throughout this District.

6.  At all times relevant hereto, Plaintiff, **SHANNON SYAS**, was employed by Defendant, **UP**, as a conductor/brakeman.

### Factual Allegations

7.  Plaintiff began work with Union Pacific Railroad Company since on or about June 2002.

8.  Plaintiff's son, Brennan, was born on August 15, 2003 and was diagnosed with asthma.

9.  Brennan has frequent attacks of asthma which are usually manifested by a cold or, in some cases, an ear infection.

10.  When young Brennan has these asthma attacks his treatment requires medication and the use of a nebulizer.  A parent must dispense and administer Brennan's medical treatment.

11.  Plaintiff was able to treat his child's asthma by laying off work through defendant's leave policy which allow employees to take time off of work for sickness in family.

12.  In 2005, plaintiff applied for intermittent leave with the defendant pursuant to the Family and Medical Leave Act. In order to treat his son's asthma condition which had worsen.

13.  Plaintiff took intermittent FMLA leave in 2005 and 2006.

14.  In 2007, plaintiff sought intermittent FMLA leave and it was granted by the

defendant.

15. On or about May 15, 2007, plaintiff received a letter stating that the FMLA allows employees to take up to 12 workweeks of leave per year when necessary to care for family members with a serious health condition. Defendant unilaterally has calculated that those 12 workweeks of intermittent leave for plaintiff's craft to be based on the number of job starts in the 12 workweeks.

16. Defendant claimed that plaintiff is only allowed 60 missed job starts during the 12 workweeks based upon defendant's calculations. That calculation was based on a five day work week schedule. However, Plaintiff was working a six day work week, and based on defendant's own calculations, plaintiff should have been allowed to miss at least 72 job starts.

17. Defendant also erroneously credited plaintiff's approved vacation time as FMLA leave time.

18. Since plaintiff's allotted FMLA leave had prematurely expired. Plaintiff had to take time off to care for his son relying on the provisions of defendant's company leave policy as he had done in part of 2005 and prior years.

19. On or about July 31, 2007, plaintiff received a letter from defendant stating that a formal investigation would be held to determine his responsibility for failing to protect his employment on a full time basis between June 27, 2007 to July 27, 2007.

20. The investigation was held and on August 17, 2007 plaintiff was notified that he was permanently dismissed from all service with the defendant.

21. Plaintiff was entitled to miss at least 12 more job start before his FMLA leave would end.

## COUNT I

22. Plaintiff incorporates all of the above paragraphs as though fully set forth in Count I.

23. The defendant, Union Pacific, restrained plaintiff from exercising his right provided by the Family and Medical Leave Act (29 U.S.C. §2615) by terminating his leave before said leave expired.

24. That as a direct and approximate result of one or more of the aforesaid acts, the Plaintiff has sustained both physical and emotional injury and has suffered and will in the future suffer other great economic losses, which he would have acquired had the Defendant not violated his rights under the Family and Medical Leave Act.

WHEREFORE, Plaintiff prays judgment against the Defendant, Union Pacific, for damages in excess of $75,000.00 consisting of back pay, prejudgment interest, compensatory damages, attorneys fees, litigation expenses, and for such other and further relief that the Court deems proper pursuant to the Family and Medical Leave Act and its implementing Regulations.

## COUNT II

25. Plaintiff incorporates all of the above paragraphs as though fully set forth in Count II.

26. The defendant, Union Pacific has intentionally discriminated against plaintiff by discharging him for taking medical leave protected by the Family and Medical Leave Act.

27. These actions were motivated by improper factors, including plaintiff's need to take medical leave to dispense and administer medical treatment to his son, in violation of the Family and Medical Leave Act.

28. That as a direct and approximate result of one or more of the aforesaid acts, the Plaintiff has sustained both physical and emotional injury and has suffered and will in the future

suffer other great economic losses, which he would have acquired had the Defendant not violated his rights under the Family and Medical Leave Act.

WHEREFORE, Plaintiff prays judgment against the Defendant, Union Pacific, for damages in excess of $75,000.00 consisting of back pay, prejudgment interest, compensatory damages, attorneys fees, litigation expenses, and for such other and further relief that the Court deems proper pursuant to the Family and Medical Leave Act and its implementing Regulations.

Respectfully Submitted,

/s John S. Bishof, Jr.
John S. Bishof, Jr.

Law Office of John Bishof, P.C.
77 West Washington St. Suite 1910
Chicago, IL 60602
Phone:  312-630-2048
Fax: 312-630-2085
ARDC #213926