IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHANNON SYAS,                           )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    Case No. 08 C 727
                                        )
UNION PACIFIC RAILROAD COMPANY,         )
                                        )
            Defendant.                  )

## ANSWER

Defendant, UNION PACIFIC RAILROAD COMPANY ("UP") by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answers Shannon Syas's Complaint, and states as follows:

### Jurisdiction and Venue

1.      This is an employment case based upon and arising under the Family & Medical Leave Act, as amended, 29 U.S.C. §2611 et seq. (FMLA).

**ANSWER:**

Defendant admits this case is based on the FMLA but denies any violation of the FMLA and denies any remaining allegations contained in paragraph 1.

2.      This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 29 U.S.C. §1331, since these claims arise under federal statutory law.

**ANSWER:**

Defendant admits this court has subject matter jurisdiction over FMLA claims pursuant to 29 U.S.C. §1311 as ones arising the laws of the United States, but denies this court has subject matter jurisdiction over any minor disputes under the Railway Labor Act, 45 U.S.C. §151 *et seq.*,

as those claims are preempted by the RLA.  Defendant denies any remaining allegations contained in paragraph 2.

3.    Venue is proper in the Northern District of Illinois because the actions complained of occurred in this District, and the Defendant owns, operates and controls many miles of track, rail yards and related facilities throughout this District.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3 but denies the actions complained of in the Complaint.

### Parties

4.    Plaintiff, **SHANNON SYAS**, is now, and at all times relevant hereto, a resident of Richton Park, Illinois, Cook County, State of Illinois.

**ANSWER:**

On information and belief, Defendant admits the allegations contained in paragraph 4.

5.    Defendant, **UNION PACIFIC RAILROAD COMPANY** (hereinafter "**UP**"), is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce.  The **UP**'s principal place of business is located in Omaha, Nebraska.  **UP**, at all relevant times, does business as a common carrier by rail in countries under this Court's jurisdiction.  The **UP** owns, operates and controls many miles of track, rail yards and related facilities throughout this District.

**ANSWER:**

Defendant admits the allegations contained in paragraph 5.

6.    At all times relevant hereto, Plaintiff, **SHANNON SYAS**, was employed by Defendant, **UP**, as a conductor/brakeman.

**ANSWER:**

Defendant admits Plaintiff was employed by it from June 17, 2002 to August 17, 2007 and held positions as conductor and brakeman.  Defendant denies any remaining allegations contained in paragraph 6.

## Factual Allegations

7.      Plaintiff began work with Union Pacific Railroad Company since on or about June 2002.

**ANSWER:**

Defendant admits Plaintiff was employed by it beginning on June 17, 2002, and denies any remaining allegations contained in paragraph 7.

8.      Plaintiff's son, Brennan, was born on August 15, 2003 and was diagnosed with asthma.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9.      Brennan has frequent attacks of asthma which are usually manifested by a cold or, in some cases, an ear infection.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10.      When young Brennan has these asthma attacks his treatment requires medication and the use of a nebulizer.  A parent must dispense and administer Brennan's medical treatment.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11.      Plaintiff was able to treat his child's asthma by laying off work through defendant's leave policy which allow employees to take time off of work for sickness in family.

**ANSWER:**

Defendant admits its leave policy allows eligible employees to take time off of work for sickness of certain family members, but is without information and knowledge sufficient to form

- 3 -

a belief as to the truth of the remaining allegations contained in paragraph 11 and therefore denies same.

12.    In 2005, plaintiff applied for intermittent leave with the defendant pursuant to the Family and Medical Leave Act.  In order to treat his son's asthma condition which had worsen.

**ANSWER:**

Defendant admits that in 2005 Plaintiff applied for intermittent leave under the FMLA to care for his son who had a serious health condition, but is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 12 and therefore denies same.  Defendant denies any remaining allegations contained in paragraph 12.

13.    Plaintiff took intermittent FMLA leave in 2005 and 2006.

**ANSWER:**

Defendant admits the allegations contained in paragraph 13.

14.    In 2007, plaintiff sought intermittent FMLA leave and it was granted by the defendant.

**ANSWER:**

Defendant admits the allegations contained in paragraph 14.

15.    On or about May 15, 2007, plaintiff received a letter stating that the FMLA allows employees to take up to 12 workweeks of leave per year when necessary to care for family members with a serious health condition.  Defendant unilaterally has calculated that those 12 workweeks of intermittent leave for plaintiff's craft to be based on the number of job starts in the 12 workweeks.

**ANSWER:**

Defendant admits that in a letter dated May 15, 2007, it notified Plaintiff that the FMLA allows employees to take up to 12 workweeks of leave per year when necessary to care for a family member with a serious health condition or when the employee needs time off work due to

their own serious health condition and that starting January 1, 2006, Defendant calculates 12 workweeks of intermittent leave for TE&Y employees based on the number of job starts Plaintiff had from his home terminal in the 12 workweeks preceding his use of FMLA leave. Defendant denies the remaining allegations contained in paragraph 15.

16.    Defendant claimed that plaintiff is only allowed 60 milled job starts during the 12 workweeks based upon defendant's calculations. That calculation was based on a five day work week schedule. However, Plaintiff was working a six day work week, and based on defendant's own calculations, plaintiff should have been allowed to miss at least 72 job starts.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16. Answering further, Defendant states that it initially notified Plaintiff he had 60 starts during the twelve workweeks preceding his use of FMLA leave, but that shortly thereafter, Defendant corrected Plaintiff's starts to 72 and notified Plaintiff of that correction.

17.    Defendant also erroneously credited plaintiff's approved vacation time as FMLA leave time.

**ANSWER:**

Defendant denies the allegations contained in paragraph 17.

18.    Since plaintiff's allotted FMLA leave had prematurely expired. Plaintiff had to take time off to care for his son relying on the provisions of defendant's company leave policy as he had done in part of 2005 and prior years.

**ANSWER:**

Defendant denies the allegations contained in paragraph 18.

19.    On or about July 31, 2007, plaintiff received a letter from defendant stating that a formal investigation would be held to determine his responsibility for failing to protect his employment on a full time basis between June 27, 2007 to July 27, 2007.

**ANSWER:**

Defendant admits the allegations contained in paragraph 19.

20.    The investigation was held and on August 17, 2007 plaintiff was notified that he was permanently dismissed from all service with the defendant.

**ANSWER:**

Defendant admits the allegations contained in paragraph 20.

21.    Plaintiff was entitled to miss at least 12 more job start before his FMLA leave would end.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

## COUNT I

22.    Plaintiff incorporates all of the above paragraphs as though fully set forth in Count I.

**ANSWER:**

Defendant incorporates by reference its answers to all of the above paragraphs as its

answer to paragraph 22 as if fully set forth herein.

23.    The defendant, Union Pacific, restrained plaintiff from exercising his right provided by the Family and Medical Leave Act (29 U.S.C. §2615) by terminating his leave before said leave expired.

**ANSWER:**

Defendant denies the allegations contained in paragraph 23.

24.    That as a direct and approximate result of one or more of the aforesaid acts, the Plaintiff has sustained both physical and emotional injury and has suffered and will in the future suffer other great economic losses, which he would have acquired had the Defendant not violated his rights under the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in paragraph 24.

## COUNT II

25.    Plaintiff incorporates all of the above paragraphs as though fully set forth in Count II.

**ANSWER:**

Defendant incorporates by reference its answers to all of the above paragraphs as its answer to paragraph 25 as if fully set forth herein.

26.     The defendant, Union Pacific has intentionally discriminated against plaintiff by discharging him for taking medical leave protected by the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in paragraph 26.

27.     These actions were motivated by improper factors, including plaintiff's need to take medical leave to dispense and administer medical treatment to his son, in violation of the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in paragraph 27.

28.     That as a direct and approximate result of one or more of the aforesaid acts, the Plaintiff has sustained both physical and emotional injury and has suffered and will in the future suffer other great economic losses, which he would have acquired had the Defendant not violated his rights under the Family and Medical Leave Act.

**ANSWER:**

Defendant denies the allegations contained in paragraph 28.

## AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff's claim is preempted by the Railway Labor Act and within the exclusive jurisdiction of the National Railway Adjustment Board.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed and it be awarded its reasonable attorneys fees and costs in connection with this matter.

UNION PACIFIC RAILROAD COMPANY

By: /s/ Carol A. Poplawski
    One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

Date:  March 3, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 3rd day of March, 2008, she electronically filed the foregoing **ANSWER** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John S. Bishof, Jr.
LAW OFFICE OF JOHN BISHOF P.C.
77 West Washington Street, Suite 1910
Chicago, IL 60602


/s/ Carol A. Poplawski